IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROB GREEN,

       Plaintiff,

v.

WARDEN JAMES CROSS, UNKNOWN
SHU LIEUTENANT, DHO B. AUTERSON
and BOP,

       Defendants.

Case No. 12-cv-4-JPG

## MEMORANDUM AND ORDER

Plaintiff, currently incarcerated at FCI Greenville, has brought this *pro se* civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff claims that other inmates have threatened to kill him in general population but that prison officials will not place him in protective custody.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action:

**Count 1:**     A claim against Defendant Warden James Cross, Unknown SHU Lieutenant, DHO B. Auterson and Bureau of Prisons ("BOP") for deliberate indifference to safety in violation of the Eighth Amendment.

Defendant Unknown SHU Lieutenant and DHO B. Auterson are dismissed from Count 1 with prejudice for the following reason:

- Plaintiff makes no allegations against him/her plausibly suggesting a right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff alleges that Unknown SHU Lieutenant simply informed Plaintiff about a BOP policy, and that DHO B. Auterson actually sent him to the SHU, not kept him out of it.

Defendant BOP is dismissed from Count 1 without prejudice for the following reason:

- *Bivens* does not permit a suit against a federal agency.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 483-86 (1994);  *King v. Federal Bureau of Prisons,* 415 F .3d 634, 636 (7th Cir. 2005).

To the extent Plaintiff seeks relief for good time credit revoked, he must file a separate suit under 28 U.S.C. § 2241.

**Pending motions**

The Court **GRANTS** Plaintiff's motion to supplement his complaint (Doc. 15) and **DIRECTS** the Clerk of Court to file the proposed document as a supplement to the complaint (Doc. 12).

The Court **VACATES** the portion of its order denying Plaintiff's motion for a temporary restraining order and a preliminary injunction (Doc. 11) and **REINSTATES** his motion for a temporary restraining order (Doc. 5).

**Disposition**

The following defendants are **DISMISSED** from this action **with prejudice**:

> Unknown SHU Lieutenant
> DHO B. Auterson.

The following defendants are **DISMISSED** from this action **without prejudice**:

> BOP.

The following defendants remain in the instant action:

> Warden James Cross.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on **WARDEN JAMES CROSS**; the Clerk shall issue the completed summons.  The United States Marshal **SHALL** serve Defendant **WARDEN JAMES CROSS** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.  All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies

to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendant, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel.  Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the

full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under an obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 9, 2012**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**