IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT E. GREEN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No.  12-cv-00004-JPG-PMF |
| | ) |
| **WARDEN CROSS**, | ) |
| | ) |
| **Defendant.** | ) |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is a document filed by plaintiff Robert E. Green.  The document, entitled "Supplemental Pleadings, Claims and Exhibits" and has been construed as a motion for a temporary restraining order (Doc. No. 5).  Green is an inmate, currently housed in a special housing unit (SHU) at FCI-Greenville.  He has concerns about his safety if he is removed from the SHU and returned to general population.  His concerns arise from threats he says he received from inmates whom he believes harbor the perception that he is a confidential informant for the government.  Efforts to verify the risk of harm perceived – to determine whether Green will face hostility from other inmates if he returns to the prison's general population – failed, due in large part to lack of cooperation from Green.[1]  Green has been ordered to pack his property and return to the general population.  When he refused, he was not forcibly returned but he was charged with violations of disciplinary rules (refusing an order and refusing a program assignment).  Sanctions have been recommended or

---

[1] Green declined to provide investigating officers with the names of the threatening inmates, based on his belief that this cooperation would serve to bolster the impression that he is a confidential informant.

imposed, which could result in a housing reassignment to a disciplinary segregation unit, where Green might come into contact with other inmates.

In order to succeed on a motion for a temporary restraining order, Green must demonstrate that: (1) no adequate remedy at law exists; (2) he will suffer irreparable harm if the injunction is not granted; (3) the irreparable harm he will suffer outweighs the harm to the defendants if the injunction is granted; (4) he has a reasonable likelihood of prevailing on the merits; and (5) the injunction will not harm the public interest. *Joelner v. Vill. of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004). Green has the burden of proof to make a clear showing that he is entitled to a TRO. *Goodman v. Illinois Dep't of Fin. and Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005). Injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

The materials on file do not support the elements needed to enter a TRO. Green is proceeding on an Eighth Amendment claim of deliberate indifference to his safety, yet he has not shown that defendant Cross had actual knowledge of impending harm and failed to take reasonable steps to prevent injury. Facts are sparse and far too general to permit a reasonable inference that Cross holds the same subjective belief that Green does: that hostile inmates will likely attack Green if he returns to general population. Absent actual knowledge of a substantial risk, Cross's response does not approach the requisite level of culpability – akin to criminal recklessness. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996). There is certainly no information demonstrating that Green faces a substantial risk of harm where is housed or where he may be housed, in the disciplinary segregation unit.

Moreover, the Court lacks the information needed to assess the possibility that Green will suffer irreparable harm and make an appropriate housing decision for Green. While the Court's knowledge of interaction between inmates and the housing options at FCI-Greenville is limited, one thing is clear: all housing assignments in a prison setting affect more than just one inmate. If one inmate takes a spot in a special unit, another inmate who perhaps faces an even greater risk may be excluded or booted out. A decision about where Green and others can be housed without exposing any one of them to significant harm from others who wish to inflict harm is better left to those who have a high level knowledge of the inmates, their intentions, their legitimate concerns, and have the expertise to balance competing interests and make appropriate allocations of housing resources.

IT IS RECOMMENDED that Green's motion for a temporary restraining order (Doc. No. 5) be DENIED.

SUBMITTED:  September 4, 2012  .

  S/Philip M. Frazier  
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**