IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT E. GREEN,

       Plaintiff,

    v.

WARDEN JAMES CROSS, UNKNOWN
SHU LIEUTENANT, DHO B. AUTERSON
and BOP,

       Defendants.

Case No. 12-cv-4-JPG-PMF

**MEMORANDUM AND ORDER**

       This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 23) of Magistrate Judge Philip M. Frazier recommending that the Court deny plaintiff Robert E. Green's motion for a temporary restraining order ("TRO") (Doc. 5). Green has objected twice to the Report (Docs. 25 & 28). The Court also considers Green's motion to enforce compliance with the Court's summons (Doc. 29) and appeal of Magistrate Judge Frazier's September 14, 2012, order (Doc. 27) striking a prior motion to enforce compliance with the Court's summons because it failed to include a certificate of service (Doc. 30).

    **I.    Report**

       The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

       Plaintiff, currently incarcerated at FCI Greenville, has brought this *pro se* civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff claims that other inmates have threatened to kill him in general population but that prison officials will not place him in protective custody, all in violation of the Eighth Amendment. In his motion for a TRO, he asks the Court to direct Cross to house him in

protective custody and to order that he have no contact with any other inmates during his term of incarceration.

The Report found that Green had not shown defendant Cross had actual knowledge of impending harm and failed to take reasonable steps to prevent injury such that Green has a likelihood of success on the merits or that Green will suffer irreparable harm should the Court fail to grant the TRO.  The Report further notes that in decisions like prison housing, prison officials with expertise in the field are in a far better position than the Court to make the appropriate decisions.

In his objections, Green urges the Court to grant his motion for a TRO because Cross failed to respond to it.  Cross did not respond because he had not yet appeared in the case, had not been served with the motion, and therefore had no obligation to respond to it.  His failure to respond to a motion with which he was never served is not a reason for granting the motion when the motion has no merit.

The Court has reviewed the Report *de novo* and finds that it is correct.  Accordingly, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 23);
- **OVERRULES** Green's objections (Docs. 25 & 28); and
- **DENIES** Green's motion for a TRO (Doc. 5).

## II.     Motion to Enforce Compliance with Summons

Green asks the Court to enforce compliance with the summons served on Cross.  Green did not include a certificate of service with his motion, and Cross did not receive a copy of the motion through the Court's ECF system because Cross has not yet entered an appearance.  For the same reasons Magistrate Judge Frazier struck Green's prior motion to enforce compliance with a summons, it **STRIKES** this motion (Doc. 29).

The Court notes that the Marshals Service completed service on Cross on September 4, 2012.  Under Federal Rule of Civil Procedure 12(a)(3), Cross has 60 days to respond to Green's complaint – on or before November 5, 2012.  Until he enters an appearance, he will not get service via ECF.

## III.    Appeal of Magistrate Judge's Order

Green objects to Magistrate Judge Frazier's order striking his prior motion to enforce summons for failure to include a certificate of service.

A district court reviewing a magistrate judge's decision on nondispositive issues should modify or set aside that decision if it is clearly erroneous or contrary to law.  See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  Accordingly, the Court will affirm Magistrate Judge Frazier's decision unless his factual findings are clearly erroneous or his legal conclusions are contrary to law.  *Id.*

Magistrate Judge Frazier's order is not clearly erroneous or contrary to law.  Green's motion did not include a certificate of service as required by Court order and by Federal Rule of Civil Procedure 5(d)(1).  Accordingly, the Court:

- **AFFIRMS** the order (Doc. 27); and
- **OVERRULES** Green's objection (Doc. 30).

**IT IS SO ORDERED.**
**DATED: October 23, 2012**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
